UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CALVIN GILES,

                          Plaintiff,          06-CV-702

            v.                                **DECISION**
                                              **and ORDER**

MICHAEL J. ASTRUE[1], Commissioner
of Social Security

                          Defendant.
_____


                      **<u>INTRODUCTION</u>**

     Plaintiff, Calvin Giles ("Plaintiff"), brings this action

pursuant to Title XVI of the Social Security Act, claiming that the

Commissioner of Social Security ("Commissioner") improperly denied

his application for Supplemental Security Income benefits ("SSI").

Specifically, the Plaintiff alleges that the decision of the Social

Security Appeals Council, upholding the decision of the

Administrative Law Judge ("ALJ"), that the Plaintiff was not

disabled within the meaning of the Social Security Act, was

erroneous because it was not supported by substantial evidence in

the record and was contrary to the applicable legal standards.

     Both the Plaintiff and the Commissioner move for judgment on

the pleadings pursuant to 42 U.S.C. 405(g) and Rule 12 (c) of the

Federal Rules of Civil Procedure.  The Commissioner claims that the

---

[1]

  Michael J. Astrue became the Commissioner of Social Security on February 12,
2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael
J. Astrue is substituted for his predecessor, Commissioner JoAnne B. Barnhart,
as the proper defendant in this suit.

decisions of the ALJ and the Appeals Council were supported by substantial evidence in the record and in accordance with applicable legal standards.   The Plaintiff moves for judgment on the pleadings claiming that substantial evidence exists in the record supporting his claim for SSI disability benefits.   This court finds that the Commissioner's decision was not supported by substantial evidence in the record.   Therefore, for the reasons that follow, judgment on the pleadings is granted in favor of the Plaintiff, and the Commissioner's motion is denied.

## BACKGROUND

Plaintiff applied for SSI benefits on June 15, 2001 claiming a disability since May 30, 1999 due to arthritis in his back, spine, knees and in his right shoulder, and depression. (Transcript of Administrative Proceedings at page 57, 69) (hereinafter, "Tr."). At the time of his application, claimant was a 51 year-old former electrical assembler, automotive assembler, and electrical technician, with two years of college education. (Tr. at 39, 70).   He is a veteran who was injured during the Vietnam War and awarded 30% disability thereafter for service related problems with his Urethra. (Tr. at 113).

The Social Security Administration initially denied the Plaintiff's application on January 22, 2002. (Tr. at 43). Plaintiff filed a timely request for a hearing, which was held on May 29, 2003, before ALJ Peter J. Valentino. (Tr. at 29).

Plaintiff appeared, with counsel, and testified at the hearing. Id. On August 5, 2003 the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. at 29-40). The Appeals Council granted Plaintiff's request for review of the ALJ's decision. (Tr. at 11). On August 22, 2006, the Appeals Council affirmed the ALJ's decision and found that Plaintiff was not disabled. (Tr. at 11-15). Plaintiff requested further review, which was denied on October 10, 2006. Id. Plaintiff then filed this action on October 23, 2006, seeking review of the Commissioner's final decision denying his application for SSI benefits.

## DISCUSSION

### I.   Jurisdiction and Scope of Review

Title 42, section 405(g) of the United States Code grants jurisdiction to Federal District Courts to hear claims based on the denial of Social Security benefits. Matthews v. Eldridge, 424 U.S. 319, 320 (1976). Additionally, Section 405(g) directs that the District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. See Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., No. 06-2019-cv, 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. Apr. 24, 2007).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Metropolitan Stevedore Co. V. Rambo, 521 U.S. 121, 149

(1997) (quoting <u>Consolidated Edison Co. V. NLRB</u>, 305 U.S. 197, 229 (1938)).  Section 405(g) thus limits this court's scope of review to two inquiries: (i) whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole, and (ii) whether the Commissioner's conclusions are based upon an erroneous legal standard. <u>Green-Younger v. Barnhard</u>, 335 F.3d 99, 105-06 (2d Cir. 2003); <u>see also</u> <u>Wagner v. Secretary of Health & Human Serv.</u>, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

The Plaintiff and the defendant both move for judgement on the pleadings pursuant to 42 U.S.C. 405(g) and Rule 12(c) of the Federal Rules of Civil Procedure.  Section 405(g) provides that the District Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405 (g) (2007).  Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgement on the merits is possible merely by considering the contents of the pleadings. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639, 642 (2d Cir. 1988).

A District Court should order payment of Social Security disability benefits in cases where the record contains persuasive

proof of disability and remand for further evidentiary proceedings would serve no further purpose.  <u>See</u> <u>Carroll v. Secretary of Health and Human Serv.</u>, 705 F. 2d 638, 644 (2d Cir. 1981).  The goal of this policy is "to shorten the often painfully slow process by which disability determinations are made." <u>Id</u>.  Because this court finds (1) that the decisions of the ALJ and the Appeals Council were not supported by substantial evidence and (2) that the record contains substantial evidence of Plaintiff's disability such that further proceedings would serve no further purpose, judgment on the pleadings is hereby granted in favor of the plaintiff.

## II.   Standard For Entitlement to Social Security Benefits

Under the Social Security Act, a disability is defined as the "inability to engage in substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months..." 42 U.S.C. §423(d)(1)(A) (concerning Old-Age, Survivors', and Disability Insurance); 42 U.S.C §1382c(a)(3)(A) (2004) (concerning SSI payments).  An individual will only be considered "under a disability" if his impairment is so severe that he is both unable to do his previous work and unable to engage in any other kind of substantial gainful work that exists in the national economy. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

"Substantial gainful work" is defined as "work that exists in significant numbers either in the region where the individual lives or in several regions of the country." Id.  Work may be considered "substantial" even if it is done on a part-time basis, if less money is earned, or if work responsibilities are lessened from previous employment.   20  C.F.R.  §404.1572(a);  20  C.F.R. §416.972(a).  Work may be considered "gainful" if it is the kind of work usually done for pay or profit, whether or not a profit is realized. §§ 404.1572(b) and 416.972(b).  Furthermore, "substantial gainful work" is considered available to an individual regardless of whether such work exists in his immediate area, whether a specific job vacancy exists for him, or whether he would be hired if he were to apply for work.   42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

When a claimant requests a Social Security disability hearing before an Administrative Law Judge, SSA regulations require the ALJ to perform the following five-step sequential evaluation:

    (1)   if the claimant is performing substantial gainful work, he is not disabled;

    (2)   if the claimant is not performing substantial gainful work, his impairment(s) must be "severe" before he can be found disabled;

    (3)   if the claimant is not performing substantial gainful work and has a "severe" impairment(s) that has lasted or is expected to last for a continuous period of at least 12 months, and if the impairment(s) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is presumed disabled without further inquiry;

> (4)   if the claimant's impairment(s) do not meet or medically
> equal a listed impairment, the next inquiry is whether
> the claimant's impairment(s) prevent him from doing his
> past relevant work, if not, he is not disabled;
>
> (5)   if the claimant's impairment(s) prevent him from
> performing his past relevant work, and other work exists
> is significant numbers in the national economy that
> accommodates his residual functional capacity and
> vocational factors, he is not disabled.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v).

In this case, the ALJ performed the required five-step evaluation and determined that: (1) the claimant had not engaged in substantial gainful activity since June 15, 2001; (2) the claimant had the following "severe" impairments: arthritis affecting his entire spine, shoulders, and hand, and affective disorder with anxiety; (3) the claimant's impairments did not meet or medically equal the listed impairments in Appendix 1, Subpart P, Regulation No. 4; (4) the claimant was unable to perform past relevant work as an electrical assembler, quality control inspector, or as an electrical repair technician; (5) the claimant had the residual functional capacity to perform a full range of light work that did not require frequent fingering, provided it was an entry level, low stress job with limited public contact, and that such jobs (for example a cafeteria attendant) existed in significant numbers in the national economy. (Tr. at 39). The ALJ thus found that the Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. at 39-40).

The Appeals Council adopted all of the ALJ's findings and conclusions except the finding in step five that the Plaintiff had limitations with his hands and could not perform work that required frequent fingering. (Tr. at 11-12). Thus, although the Appeals Council agreed with the ALJ's conclusion that the Plaintiff was not disabled, they concluded that the Plaintiff was capable of performing a broader range of light work than that determined by the ALJ.

This court finds that, because neither the ALJ nor the Appeals Council gave controlling weight to the treating psychiatrist's well supported opinion, the decision that the Plaintiff is not disabled is not supported by substantial evidence in the record, and therefore is erroneous. The medical evidence in the record, including the treating psychiatrist's opinion, is substantial and supports the finding that the Plaintiff was disabled within the meaning of the Social Security Act.

III. **The ALJ and the Appeals Council erred in finding that the Plaintiff was not disabled.**

   A.   **The ALJ and the Appeals Council erred by failing to give controlling weight to the treating psychiatrist's opinion.**

The opinion of a treating physician is given controlling weight where it is well-supported by medical evidence and is not inconsistent with other substantial evidence in the record. 20 C.F.R. §416.925(d)(2), §416.1527(d)(2). The "ALJ cannot arbitrarily substitute his or her own judgment for competent

medical opinion." <u>Rosa v. Callahan</u>, 168 F.3d 72, 78-79 (2d Cir. 1999). The ALJ must consider the following factors to determine whether the treating physician's opinion should be adopted: (1) whether the physician had a treatment relationship with the patient; (2) the length and nature of the treatment relationship; (3) the consistency of the medical opinion with other evidence in the record; (4) the supporting medical or laboratory findings; and (5) the specialization of the physician. 20 C.F.R. §§ 404.1527 and 416.927. When these factors establish that the treating physician's opinion is entitled to controlling weight, the ALJ must adopt the opinion of the treating physician regardless of the findings he or she could have made in the absence of the treating physician's opinion. S.S.R. 96-2p (1996).

_____ Where a patient has been evaluated by a treating psychiatrist, based on medical evidence derived from face-to-face visits, that opinion is "inherently more reliable than an opinion [of a consultant] based on a [review of a] cold record because observation of the patient is critical to understanding the subjective nature of the patient's disease and in making a reasoned diagnosis." <u>Westphal v. Kodak</u>, No. 05-cv-6120, 2006 WL 1720380, at *5 (W.D.N.Y. Jun. 21, 2006). Likewise, the opinion of a non-examining physician, cannot in itself, be considered sufficient evidence to override the opinion of a treating physician, where the treating physician's opinion is consistent with the substantial

evidence in the medical record.  <u>Schisler v. Sullivan</u>, 3 F.3d 563, 566 (2d Cir. 1993).  While the ultimate decision of disability is reserved to the Commissioner,  the ALJ should give controlling weight to the treating psychiatrist's opinion where it is supported by medically acceptable clinical and psychiatric treatment techniques, such as a face-to-face interview, and is not inconsistent with other substantial evidence in the record. 20 C.F.R. §404.1527 (d)(2); See <u>Snell v. Apfel</u>, 177 F.3d 128, 134 (2d Cir. 1999).  This is particularly true where the treatment relationship between the Plaintiff and the psychiatrist is longstanding and substantial. 20 C.F.R. §§ 404.1527 and 416.927.

In this instance, the ALJ failed to give controlling weight to the opinion of plaintiff's treating psychiatrist, Dr. Dong Y. Shim, due to alleged "inconsistencies in the record." (Tr. at 34). Instead, the ALJ relied on the opinion of consultative physician, Dr. Robert Hill, who saw the Plaintiff once, and that of State Agency medical consultant, Dr. Madan Mohan, who never examined the Plaintiff but instead merely reviewed plaintiff's medical records. (Tr. at 34-35).  The ALJ found inconsistency in Dr. Shim's evaluation because despite the fact that Dr. Shim believed plaintiff was incapable of working, Dr. Shim, on occasion, reported that Plaintiff was "cooperative and clean, his speech was coherent and relevant with no delusions or hallucinations. [Dr. Shim] reported that although the claimant's mood was depressed, his

sensorium and intellect were intact and his insight and judgment were good and he had no known unusual habits. . ." (Tr. 34.) However, the ALJ failed to mention that in the same report, Dr. Shim reported that the claimant was limited in his daily activities and interests, "due to depression, no energy to do anything - no motivation or interest as symptoms of depression." (Tr. 133.)  In assessing the severity of his depression, Dr. Shim stated, "It is a chronic condition."  (Tr. 134.)

The Appeals Council accepted the ALJ's assessment despite a subsequent letter from Dr. Shim, summarizing his treatment relationship with the Plaintiff, and explaining why these statements were not inconsistent with his opinion that the Plaintiff was disabled. (Tr. at 281).  Dr. Shim explained that the plaintiff had been suffering from depression and panic attacks, and should not have impairment of cognition or intellect.  Id. Dr. Shim went on to explain that although the treatment notes may suggest that the plaintiff had shown improvement on a particular day, the nature of the disease is cyclical, and such statements did not mean that the plaintiff had recovered or was "well and stable." Id.  Thus, Dr. Shim was accurately recording the cycle of Plaintiff's disease, which he had observed over a two year period, and which was not inconsistent with his opinion that the Plaintiff was disabled.

The regulations provide that more weight is given to the opinion of a treating physician who has examined the claimant frequently and over a long period of time, compared to a physician who has not examined the claimant on a regular basis.  20 C.F.R. § 416.927(d)(2)(i), § 416.1527(d)(2)(i).  Here, consultative examiner, Dr. Hill based his opinion on one interview with the Plaintiff. (Tr. at 113-116).  Dr. Hill did not have a treatment relationship with the Plaintiff and thus was not in the same position as Dr. Shim to evaluate the Plaintiff's subjective complaints.  Nevertheless, despite finding that the Plaintiff's "depression [did] not appear to be severe enough to prevent him from working or limit his ability to work," Dr. Hill ultimately concluded that the Plaintiff's prognosis was "guarded." (Tr. at 115-116).  The ALJ failed to mention this prognosis in his opinion.

State Agency medical consultant, Dr. Madan Mohan, concluded that the Plaintiff's "allegations are inconsistent with clinical findings and historical records." (Tr. at 173).  Dr. Mohan made this finding on a "cold" review of the record.  He neither conducted a one-on-one examination of the Plaintiff nor did he even casually observe the Plaintiff at any time.  (Tr. At 171-173).  However, even without an examination of the Plaintiff, he found the Plaintiff to be only moderately limited in several areas of mental functioning. (Tr. at 171-172).

Dr. Shim's treatment relationship with the Plaintiff was extensive and his treatment notes, together with the summary letter of treatment he submitted, are neither inherently inconsistent nor inconsistent with the record, and are entitled to controlling weight. 20 C.F.R. § 416.927 (d)(2), § 416.1527 (d) (2).  The assessments of Dr. Hill, who examined the patient once, and Dr. Mohan, who reviewed the record, do not amount to substantial inconsistent evidence sufficient to outweigh the treating psychiatrist's opinion. <u>See</u> <u>Schisler v. Sullivan</u>, 3 F.3d 563, 566 (2d Cir. 1993); <u>See</u> <u>also</u> <u>Goldthrite v. Astra</u>, 535 F. Supp. 2d 329, 336 (W.D.N.Y. 2008).  To the contrary, Dr. Hill's assessment that the Plaintiff's prognosis is "guarded" is consistent with Dr. Shim's opinion that the Plaintiff was disabled.

**B.     There is substantial evidence in the record to find that the Plaintiff is disabled within the meaning of the Social Security Act.**

Although the Plaintiff has a history of osteoarthritis and hyperlipidemia, his treating physician, Dr. Young K. Paik, described his physical limitations at "unremarkable." (Tr. at 107, 111).  Similarly, Dr. Pol Akman described his physical prognosis as "fair," with only mild limitations on heavy lifting, pulling, pushing, and tugging. (Tr. at 120).  Dr. Iskandar Hai referred the Plaintiff to a neurologist, Dr. Hershey, to treat numbness in plaintiff's fingers and toes. (Tr. at 215).  However, Dr. Hershey cancelled the appointment because the Plaintiff's laboratory

results were negative. Id.   A review of the entire record supports the conclusion of both the Appeals Council and the ALJ, that the Plaintiff was not physically disabled.

However, the treatment notes and the summary of treatment letter submitted by Plaintiff's treating psychiatrist, Dr. Shim, constitute substantial evidence to support a finding of Plaintiff's mental disability within the meaning of the Social Security Act. Dr. Shim treated the Plaintiff from May 11, 2001 through the date of his summary of treatment letter, June 28, 2006. (Tr. 130, 281). He diagnosed the Plaintiff with major depressive disorder recurrent, and chronic dysthymic disorder, a panic disorder, and a sleep disorder. (Tr. 160, 282). The record contains treatment notes for a period of 25 months in which the Plaintiff was seen by Dr. Shim 20 times. (Tr. at 125, 130-134, 149, 155, 159-165,248-264, 281-82).   Dr. Shim noted consistently in his treatment records that the Plaintiff continued to suffer from major depressive disorder, panic disorder, and chronic sleeping problems. Id.   On one occasion, Dr. Shim noted that the Plaintiff had been suicidal. (Tr. at 259).  Dr. Shim thus opined in a mental functional capacity assessment that the Plaintiff was "not able to work" and that his daily activities were "limited, due to depression." (Tr. at 133-134).

Dr. Shim prescribed multiple medications for Plaintiff's mental impairments, adjusting the type and dosage of prescribed

medication throughout the relevant period.  Id.  At various times, and in various combinations throughout his treatment, Plaintiff was prescribed Zoloft, Wellbutrin, Desyrel, Serzone, Restoril, Effexor, Clonazepam, Ambient, Elavil, and Sertraline for his depression, panic disorder and sleep disorder, as well as other medications for arthritis, pain, and high blood pressure. Id; (Tr. at 114, 149, 155, 159, 160, 162, 165, 248-259, 281).  Dr. Shim noted in his summary of treatment letter that the Plaintiff had only poor response to these medications. (Tr. at 281).

Dr. Shim's opinion results from a long-standing treatment relationship, during which the Plaintiff was regularly evaluated, diagnosed, and treated with medications by a doctor who specialized in treating mental disorders.  Dr. Shim's treatment was consistent with approved psychiatric techniques including face-to-face treatment sessions, and his opinion and diagnosis were consistent with his treatment notes which described in detail the cycle of the Plaintiff's depressed condition.  In addition, Dr. Shim's opinion is not inconsistent with other medical evidence in the record. Dr. Hill noted that the Plaintiff's prognosis was "guarded," and Dr. Mohan - who never saw the plaintiff - described certain areas of the Plaintiff's mental functioning as "moderately" limited. Standing alone, Dr. Shim's opinion provides substantial evidence of Plaintiff's disability and is entitled to controlling weight.

20 C.F.R. § 416.927 (d) (2), § 416.1527 (d) (2); S.S.R. 96-2p
(1996).

<u>**CONCLUSION**</u>

This Court finds that the Commissioner's decision denying the
Plaintiff's disability application was not supported by substantial
evidence. The record contains substantial evidence of plaintiff's
mental disability, such that further evidentiary proceedings would
serve no further purpose. I therefore grant judgment on the
pleadings in favor of the Plaintiff and remand this matter to the
Social Security Administration for calculation and payment of
benefits.

ALL OF THE ABOVE IS SO ORDERED.


S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          November 6, 2008